# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

         **v.**

**SAMUEL J. POTTS,**

        **Movant**.

**Consolidated Civil Case Nos. 10-C-771 & 11-C-1142 (Criminal Case Nos. 09-Cr-58 & 97-Cr-205)**

## DECISION AND ORDER

This Decision and Order addresses the following motions filed by *pro se* Movant Samuel J. Potts ("Potts"): (1) for reconsideration pursuant to Fed. R. Civ. P. 59(e); (2) to compel; (3) to compel and expedite; and, (4) to strike the Court's order and the Government's response. (ECF Nos. 67, 71, 74, 87.)

Potts' motions to compel, compel and expedite, and strike are premised, in part, on his contention that his Rule 59(e) motion for reconsideration of the Court's Decisions and Orders and Judgments entered on August 13, 2013, denying his 28 U.S.C. § 2255 motions, is an ex parte motion that should be decided without any response from the Government. Potts does not cite any legal authority to support his contention.

To suggest that the Court erred in ordering a response and the Government does not have a right to respond would remove Rule 59(e) motions from the vast majority of routinely briefed civil motions. Moreover, "the United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done."  *Berger v. United States,* 295 U.S. 78, 88 (1935).  So, if the Court had made a manifest error of law, the Government would be obligated to so advise the Court.

With respect to compelling a decision, Potts caused delay by representing in his reconsideration motion and initial motion to compel that a memorandum would be forthcoming and by failing to respond to the Court's request for an anticipated filing date.  The motions to compel are mooted by the following ruling on the Rule 59(e) motion.  Based on the foregoing, Potts' motions to compel, compel and expedite, and strike are denied.

Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can establish a manifest error of law or can present newly discovered evidence.  *Anderson v. Catholic Bishop of Chi.* 759 F.3d 645,

652-53 (7th Cir. 2014) (citing Fed. R. Civ. P. 59(e)). By his § 2255 motions, Potts challenged his guilty plea to one count of bank robbery in *United States v. Potts*, No. 09-Cr-58 (E.D. Wis.) (the "09 action") and the revocation of his supervised release in his previous bank robbery conviction, *United States v. Potts,* No. 97-Cr-205 (E.D. Wis.) (the "97 action"). Specifically, Potts claimed ineffective assistance of counsel, asserting that his attorney, Martin Pruhs ("Pruhs"), was ineffective during the plea negotiation and sentencing processes because he did not explain to Potts that the Government's sentencing recommendations were not binding on the Court. Potts contended that as a result his guilty plea was not voluntary and violated his constitutional rights. Potts also contended that Pruhs was constitutionally ineffective on direct appeal because Pruhs filed an *Anders* brief.

Liberally construed, Potts' motion for reconsideration contends that (1) the Court made a manifest error of law because it did not specifically address whether Pruhs was ineffective for not objecting when, during the Rule 11 colloquy, the Court did not state that in determining a sentence it has the obligation to calculate the applicable sentencing-guideline range and to consider that range, as well as possible departures under the Sentencing Guidelines and other sentencing factors under 18 U.S.C. §

3553(a), as required by Fed. R. Crim. P. 11(b)(M); and (2) because the plea agreement involved a recommended sentence by the Government, the Court did not advise Potts that he had no right to withdraw the plea if the Court did not follow the recommendation or request, as required by Fed. R. Crim. P. 11(c)(2)(B) (currently Fed. R. Crim. P. 11(c)(3)(B)). Potts raises the same contention with respect to the failure to preserve and raise these plea colloquy issues in the *Anders* brief as a basis for ineffective assistance of appellate counsel.

The issues were raised in the March 12, 2012, post-hearing brief filed by counsel and Potts' pro se reply brief filed on June 28, 2013. The Court's decision did not explicitly discuss the counsel's failure to raise the omissions before this Court or in the *Anders* brief.[1] However, that issue was implicitly considered when the Court found that Pruhs informed Potts about the risk of pleading guilty to the charge and the possibility that this Court might sentence him to a term greater than that recommended by the government, and that Potts' testimony to the contrary was not credible.

Defects in the plea colloquy do not lead automatically to invalidation of the plea. *See United States v. Loutos*, 383 F.3d 615, 618-19 (7th Cir.

---

[1] *See Anders v. California,* 386 U.S. 738 (1967).

2004). The information missing from the colloquy was contained in the plea agreement. And the Court is persuaded that with Pruhs' advice, Potts' knowingly and voluntarily entered his guilty plea. Again, consideration of all of Potts' contentions were included in the Court's determination that Pruhs' performance as counsel during the plea negotiation, sentencing, and appeal processes did not fall below an objective standard of reasonableness. Potts gambled on his sentence and is dissatisfied with the outcome and this Court's ruling on his § 2255 motions. However, Potts has not established a basis for relief from judgment under Rule 59(e). Therefore, his motion for reconsideration is denied.

Under Rule 11 of the Rules Governing Section 2255 Cases, the Court must issue or deny a certificate of appealability when entering a final order adverse to a movant. To obtain a certificate of appealability, the movant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke,* 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322,

336 (2003) (internal quotations and citations omitted). Given the controlling case law, reasonable jurists could not debate whether Potts has made a substantial showing of the denial of his constitutional rights. Therefore, the Court declines to issue a certificate of appealability.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Potts' motion to compel (ECF No. 71) is **DENIED**;

Potts' motion to compel and expedite (ECF No. 74) is **DENIED**;

Potts' motion to strike (ECF No. 87) is **DENIED**;

Potts' motion for reconsideration (ECF No. 67) is **DENIED**; and,

The Court **DECLINES TO ISSUE** a certificate of appealability.

Dated at Milwaukee, Wisconsin, this 7th day of October, 2014.

**BY THE COURT:**

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**